UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LIQUID ADVERTISING, INC.,**

    **Plaintiff,**

**v.**                                   **Case No.  8:07-cv-999-T-30MAP**

**G&G DEVELOPMENT ANTIGUA;
GIANNINI MANAGEMENT
ENTERPRISES, LLC;  BARBUDA
AMERICAN DEVELOPMENT, LLC;
ALESSANDRO GIANNINI;  and
JOSEPH GAETA,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss And/Or For More Definite Statement and Incorporated Memorandum of Law (Dkt. #29), and Plaintiff's Response to Defendants' Motion to Dismiss And/Or For More Definite Statement (Dkt. #30).  The Court, having considered the First Amended Complaint, exhibits attached thereto, Defendants' motion, Plaintiff's response, and being otherwise advised in the premises, concludes that Defendants' motion should be granted in part and denied in part.

**Plaintiff's Allegations**.

In Plaintiff's First Amended Complaint, Plaintiff brings the following causes of action: Count I - Breach of an Oral Contract against Defendant G&G Development Antigua ("G&G Development"); Count II - Quantum Meruit against G&G Development; Count III -

Breach of an Oral Contract against Defendant Giannini Management Enterprises, LLC ("Giannini Management"); Count IV - Quantum Meruit against Giannini Management; Count V - Breach of an Oral Contract against Defendant Barbuda American Development, LLC ("Barbuda"); Count VI - Quantum Meruit against Barbuda; Count VII - Breach of an Oral Contract against Defendant Alessandro Giannini a/k/a Alex Giannini ("Alex Giannini"), Count VIII - Quantum Meruit against Alex Giannini; Count IX - Breach of an Oral Contract against Joseph Gaeta ("Gaeta"); Count X - Quantum Meruit against Gaeta; Count XI - Open Account against all Defendants; and Count XII - Account Stated against all Defendants.

For purposes of this Court's consideration of Defendants' motion to dismiss, the Court must accept all the factual allegations in the First Amended Complaint as true.[1] Liquid is a full service advertising agency providing consulting services to national and international clients. G&G Development, Giannini Management, Barbuda, Alex Giannini, and Gaeta (collectively, the "Defendants") are developing a 35-acre resort community in Antigua. Defendants retained Plaintiff's services to promote the Antigua resort. Defendants requested and received from Plaintiff a marketing and advertising plan, which included the design and development of various materials to promote the Antigua development as well as the placement of print advertisements in various national and regional periodicals. In January 2006, Plaintiff provided Defendants with a proposed budget outlining the recommended

---

[1] *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

marketing and advertising plan for a six month period of time (the "Budget")[2]. According to the Budget, Plaintiff's marketing and advertising services were estimated to be $792,454.00. Defendants agreed to the Budget and the scope of the marketing and advertising plan. At the request of and after authorization by G&G Development, Plaintiff purchased advertising space in various media. G&G Development or Giannini, on behalf of Defendants, authorized the advertising buys in writing and promised payment for the same. Plaintiff's cost to place these ads was $348,834.26.[3] Plaintiff advanced the cost for the ad placements with the expectation that it would be repaid. Plaintiff also developed and designed a website and coordinated photo shoots to promote the Defendants' Antigua development. Plaintiff has provided marketing, consulting, and design services to Defendants with a value of $253,599.36.[4] In total, Plaintiff has invoiced $602,433.62 for its services to Defendants. Defendants have paid $156,285.50, leaving a balance of $446,147.62.

## Motion to Dismiss Standard Under Rule 12(b)(6).

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120

---

[2] Dkt. #26-2.

[3] In the First Amended Complaint, Plaintiff attached a copy of invoices reflecting the cost of the ad placements as Composite Exhibit "C" at Dkt. #26-4.

[4] In the First Amended Complaint, Plaintiff attached a copy of invoices reflecting the cost of marketing, consulting and design services as Composite Exhibit "D" at Dkt. #26-5.

(11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted. *Sea Vessel, Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994). Nevertheless, to survive a motion to dismiss, a plaintiff must do more than merely "label" his claims. *Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D. Fla. 1996). Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. *Marshall County Bd. Of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**Motion for More Definite Statement Under Rule 12(e).**

Federal Rule of Civil Procedure 12(e) provides the standard for granting a motion for more definite statement:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is

>not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.[5]

Where a complaint does not contain sufficient information to allow a responsive pleading to be framed, "a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted." *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985). Since the rules of civil procedure employ the concept of notice pleading, motions for a more definite statement are not favored in light of the federal system's liberal discovery practice. *See Scarfato v. National Cash Register Corp.*, 830 F.Supp. 1441 (M.D. Fla. 1993). A motion for a more definite statement will therefore be denied where the plaintiff's complaint gives the defendants fair notice of the nature and basis of the claims as well as a general indication of the type of litigation involved. *Woods v. Valentino*, 2006 WL 1877102, *3 (M.D. Fla. July 6, 2006).

## Discussion.

Defendants seek dismissal of all Counts pursuant to Rule 12(b)(6) and/or a more definite statement as to Counts I, III, V, VII and IX pursuant to Rule 12(e).

---

[5]Fed.R.Civ.P. 12(e); *see also Barnett v. Bailey*, 956 F.2d 1036 (11th Cir. 1992).

**I.      Counts I, III, V, VII, and IX (Breach of Oral Contract) sufficiently allege a claim upon which relief may be granted.**

To prove a claim for breach of an oral contract, a party must prove the elements of a written contract. *See Southtrust Bank v. Export Insurance Services, Inc.*, 190 F.Supp.2d 1304, 1307 (M.D.Fla. 2002). In oral contract actions, the complaint must allege the mutual formation of an oral contract, the obligation thereby assumed, consideration, and a breach. *See Perry v. Cosgrove*, 464 So.2d 664, 667 (Fla. 2d DCA 1985), citing *Industrial Medicine Pub. Co. v. Colonial Press of Miami, Inc.*, 181 So.2d 19, 20 (Fla. 3d DCA 1966). If a defendant has no sure knowledge of the exact oral contract which is allegedly the basis for the plaintiff's cause of action, then defendant may file a motion for more definite statement. *See Industrial Medicine* at 20.

Upon a review of the allegations contained in the First Amended Complaint, the Court concludes that the allegations pled by Plaintiff are sufficient to state a claim for breach of an oral contract. Plaintiff has alleged that: Plaintiff and Defendants orally agreed that Plaintiff would provide advertising services and that Defendants would pay for such services pursuant to the Budget; Plaintiff performed consulting, marketing, design and advertising services on Defendants behalf based on such agreement; Defendants accepted, acknowledged, utilized and received the benefit of Plaintiff's services; and Defendants failed to pay for such services in full.  Further, the Court concludes that the First Amended Complaint contains sufficient information to allow a responsive pleading to be framed by Defendants as to Counts I, III, V, VII, and IX.  Accordingly, Defendants' motion to dismiss, or in the alternative, motion

for more definite statement as to Counts I, III, V, VII and IX (Breach of Oral Contract) is denied.

**II.     Counts II, IV, VI, VIII, and X (Quantum Meruit) sufficiently allege a claim upon which relief may be granted.**

To satisfy the elements of quantum meruit, a plaintiff must allege facts that, taken as true, show that the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it." *W.R. Townsend Contracting, Inc. v. Jensen Civil Construction, Inc.*, 728 So. 2d 297, 305 (Fla. 1st DCA 1999), citing *Osteen v. Morris*, 481 So. 2d 1287, 1289-90 (Fla. 5th DCA 1986).

Upon a review of the allegations contained in the First Amended Complaint, the Court concludes that the allegations pled by Plaintiff are sufficient to state a claim under the doctrine of quantum meruit. Plaintiff has alleged facts that, if taken as true, show that Plaintiff provided and Defendants assented to and received a benefit in the form of consulting and advertising services. Further, Plaintiff has alleged that Defendants expected to pay for such services; and indeed, Defendants paid for a portion of the services in the amount of $156,285.50. Accordingly, Defendants' motion to dismiss Counts II, IV, VI, VIII and X (Quantum Meruit) is denied.

### III. Count XI (Open Account) fails to state a cause of action against Defendants, Giannini Management, Barbuda, or Gaeta.

An open account is "one which is based upon a connected series of transactions, and which has no break or interruption." 1 Am.Jur.2d *Accounts and Accounting* §4. In Florida, an open account has been defined as an "unsettled debt arising from items of work and labor, goods sold and delivered with the expectation of further transactions subject to further settlement." *Central Insurance Underwriters, Inc. v. National Insurance Finance Company*, 599 So.2d 1371, 1373 (Fla. 3d DCA 1992), citing *Robert W. Gottfried, Inc. v. Cole*, 454 So. 2d 695, 696 (Fla. 4th DCA 1984). Money advanced may form the basis of an open account. 1 Am.Jur.2d *Accounts and Accounting* §7.

The three essential elements of an action based on an open account claim are: (1) that a sales contract existed between the creditor and debtor; (2) that the amount claimed by the creditor represents either the agreed on sales price or the reasonable value of the goods delivered; and (3) that the goods were actually delivered. *See Alderman Interior Systems, Inc. v. First National-Heller Factors, Inc.*, 376 So.2d 22, 24; *Evans v. Delro Industries, Inc.*, 509 So.2d 1262, 1263 (Fla. 1st DCA 1987). Additionally, in order to state a valid claim on an open account, the claimant must attach an "itemized" copy of the account. *H&H Design Builders, Inc. v. Travelers' Indemnity Company*, 639 So.2d 697, 700 (Fla. 5th DCA 1994), citing *Moore v. Boyd*, 62 So.2d 427 (Fla. 1952). *See also* Florida Rules of Civil Procedure

Form 1.932 (noting "a copy of the account showing items, time of accrual of each, and amount of each must be attached").

Upon a review of the invoices attached by Plaintiff in support of its open account claim[6], the invoices appear to only have been billed to "G&G Development" or "Alex Giannini". There is no mention of any of the other Defendants in any of the invoices, bills, receipts, or statements. Plaintiff has failed to attach copies of invoices, bills, receipts or statements indicating the existence of an open account with any entity other than Defendants, G&G Development or Alex Giannini. Accordingly, Plaintiff's open account claim is dismissed without prejudice with leave to amend as to Defendants, Giannini Management Enterprises, LLC, Barbuda American Development, LLC, and Joseph Gaeta only.

## IV. Count XII (Account Stated) fails to state a cause of action against Defendants, Giannini Management, Barbuda, or Gaeta.

"An 'account stated' is defined as an agreement between persons who have had previous transactions, fixing the amount due in respect to such transactions and promising payment." *Nants v. Federal Deposit Insurance Corporation*, 864 F.Supp. 1211, 1219 (S.D. Fla. 1994), citing 1 Fla.Jur.2d *Accounts and Accounting* §5. "[A]n account stated generally arises from the rendition of a statement of transactions between the parties with a failure on the part of the party whom the account was rendered to object within a reasonable time or an express acquiescence in the account rendered." *Nants*, 864 F.Supp. at 1219. A plaintiff

---

[6] Dkts. #26-4 (Composite Exhibit "C") and #26-5 (Composite Exhibit "D").

may prove a prima facie case for account stated by proffering evidence that the account was rendered under circumstances which raise a presumption of assent. *Id.* at 1219-20; *see also* 1 Fla.Jur.2d *Accounts and Accounting* §14. The practice of periodic billings for certain amounts in the regular course of business, where no objection to the amount of the bill is made within a reasonable time, may raise such a presumption. *Id.*, citing *F.D.I.C. v. Brodie*, 602 So.2d 1358, 1361 (Fla. 3d DCA 1992); s*ee also First Union Discount Brokerage Services, Inc. v. Milos*, 997 F.2d 835, 841 (11th Cir. 1993). "[T]he presumption of correctness which attaches in an account stated stems from the statements themselves." *See Nants* at 1221; *see also* Florida Rules of Civil Procedure Form 1.933 (noting "a copy of the account showing items, time of accrual of each, and amount of each must be attached").

Upon a review of the invoices attached by Plaintiff in support of its account stated claim[7], the invoices appear to only have been billed to "G&G Development" or "Alex Giannini". There is no mention of any of the other Defendants in any of the invoices, bills, receipts, or statements. Plaintiff has failed to attach copies of invoices, bills, receipts, or statements indicating the existence of an account with any entity other than Defendants, G&G Development or Alex Giannini. Accordingly, Plaintiff's account stated claim is dismissed without prejudice with leave to amend as to Defendants, Giannini Management Enterprises, LLC, Barbuda American Development, LLC, and Joseph Gaeta only.

It is therefore ORDERED AND ADJUDGED that:

---

[7] Dkts. #26-4 (Composite Exhibit "C") and #26-5 (Composite Exhibit "D").

1. Defendants' Motion to Dismiss And/Or For More Definite Statement and Incorporated Memorandum of Law (Dkt. #29) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

2. Plaintiff shall have twenty (20) days from the date of the entry of this Order to amend its Complaint, if it so chooses.

3. Defendants shall have thirty (30) days from the date of the entry of this Order to file answers to Plaintiff's First Amended Complaint.

**DONE** and **ORDERED** in Tampa, Florida on October 30, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-999.mt dismiss 29.wpd